FILED
June 21, 2022
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| **JOHNNY JAQUESS,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.: 5:22-cv-015-C |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,** | § § § § | |
| Defendant. | § § | |

## DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant Allstate Vehicle and Property Insurance Company files this Amended Answer to Plaintiff's Original Petition.[1] Without waiving any of the defenses under the policy of insurance under which Plaintiff purports to be claiming in this lawsuit, and still insisting upon any and all policy conditions, exclusions, and other policy terms now or later arising, Defendant respectfully shows the Court as follows:

The introductory paragraph of Plaintiff's Original Petition does not warrant a response, but Defendant denies that Plaintiff is entitled to any of the relief sought by way of this lawsuit.

**A.**
**DEFENDANT'S AMENDED ANSWER**

**I.**
**THE PARTIES**

1.   Defendant lacks sufficient knowledge or information to form a belief about the truth of Paragraph 1 of Plaintiff's Original Petition.

2.   Defendant admits the statements in Paragraph 2 of Plaintiff's Original Petition.

---

[1] Plaintiff filed his Original Petition in the 237th District Court of Lubbock County, Texas prior to Allstate's removal to this Court.

## II.
## DISCOVERY

3. As to Paragraph 3 of Plaintiff's Original Petition, Defendant denies that this case will be conducted under Discovery Level 2. This case will be conducted under the Federal Rules of Civil Procedure.

## III.
## CLAIM FOR RELIEF

4. Defendant lacks sufficient knowledge or information to form a belief about the truth of Paragraph 4 of Plaintiff's Original Petition with respect to Plaintiff's alleged damage. Defendant denies the remaining allegations in Paragraph 4 of Plaintiff's Original Petition.

## IV.
## JURISDICTION AND VENUE

5. Defendant denies the allegations in Paragraph 5 of Plaintiff's Original Petition. Defendant states that this Court has jurisdiction over this action.

6. Defendant denies the allegations in Paragraph 6 of Plaintiff's Original Petition. Defendant states that venue is proper in this district and division.

## V.
## FACTUAL BACKGROUND

7. As to Paragraph 7 of Plaintiff's Original Petition, Defendant admits it issued Policy No. 886208078 to Johnny Jaquess pertaining to 3102 County Road 7650, Lubbock, Texas 79423-4660.

8. As to Paragraph 8 of Plaintiff's Original Petition, Defendant denies Plaintiff's allegations as factually inaccurate. Plaintiff pleads the date of loss as "May 20, 2020" and states that he "subsequently filed a claim on his insurance policy." This is factually inaccurate as Plaintiff submitted his claim to Allstate on or about May 18, 2021 with a reported date of loss of May 17,

2021. Defendant denies the allegations in Paragraph 8 of Plaintiff's Original Petition and further denies that Plaintiff sustained the extent of damages he alleges as a result of any storm.

9. Defendant denies the allegations in Paragraph 9 of Plaintiff's Original Petition.

10. Defendant denies the allegations in Paragraph 10 of Plaintiff's Original Petition.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Original Petition.

12. Defendant denies the allegations in Paragraph 12 of Plaintiff's Original Petition.

## VI.
## CAUSES OF ACTION

13. Defendant denies the allegations incorporated in Paragraph 13 of Plaintiff's Original Petition.

**A.    Breach of Contract**

14. As to Paragraph 14 of Plaintiff's Original Petition, Defendant admits it issued Policy No. 886208078 to Johnny Jaquess pertaining to 3102 County Road 7650, Lubbock, Texas 79423-4660. Defendant denies the remaining allegations in Paragraph 14 of Plaintiff's Original Petition.

**B.    Prompt Payment of Claims Statute**

15. Defendant denies the allegations in Paragraph 15 of Plaintiff's Original Petition.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Original Petition.

**C.    Bad Faith**

17. As to Paragraph 17 of Plaintiff's Original Petition, Defendant admits that certain provisions of Chapter 541 of the Texas Insurance Code apply to Defendant's issuance of Policy No. 886208078 to Johnny Jaquess pertaining to 3102 County Road 7650, Lubbock, Texas 79423-4660.

18. Defendant denies the allegations in Paragraph 18 of Plaintiff's Original Petition, including subpart (1).

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's Original Petition, including subparts (1)-(5).

20. Defendant denies the allegations in Paragraph 20 of Plaintiff's Original Petition, including subparts (1)-(5).

21. Defendant denies the allegations in Paragraph 21 of Plaintiff's Original Petition.

22. Defendant denies that Plaintiff is entitled to any of the relief sought by way of this lawsuit, including exemplary and/or treble damages. Defendant denies the allegations in Paragraph 22 of Plaintiff's Original Petition.

**D.   Attorneys' Fees**

23. Defendant lacks sufficient knowledge or information to form a belief about the truth of Paragraph 23 of Plaintiff's Original Petition.

24. Defendant denies the allegations in Paragraph 24 of Plaintiff's Original Petition

25. Defendant denies that Plaintiff is entitled to any of the relief sought by way of this lawsuit, including attorneys' fees. Defendant denies the allegations in Paragraph 25 of Plaintiff's Original Petition.

## VII.
## CONDITIONS PRECEDENT

26. Defendant denies the allegations in Paragraph 26 of Plaintiff's Original Petition.

## IX. [sic]
## PRAYER

27. Defendant denies that Plaintiff is entitled to any of the relief sought by way of this lawsuit, as in the Prayer of Plaintiff's Original Petition.

## B.
## DEFENDANT'S SPECIFIC DENIALS AND AFFIRMATIVE DEFENSES

27. Defendant specifically denies that Plaintiff has complied with all conditions precedent to coverage under the insurance policy contract pursuant to which Plaintiff has presented the insurance claim made the basis of this action and that Plaintiff has complied with all conditions precedent to bringing this cause of action.

28. Defendant specifically denies that it violated any of the Texas Insurance Code provisions alleged by Plaintiff, and that any of its alleged actions or omissions concerning Plaintiff's claim, which Defendant denies, were done knowingly, intentionally, or in bad faith.

29. **POLICY TERMS, CONDITIONS AND LIMITS**. Any recovery will be subject to the policy limits and policy terms, conditions, exclusions, and limitations. The limit of liability applicable to the dwelling at issue is $336,500, with Other Structures Protection of $33,650 and a personal property limit of $235,550.

30. **DEDUCTIBLE**. Any recovery will be subject to the amount of the applicable deductible within the insurance policy. The applicable deductible is $6,730.

31. **DAMAGES AND LOSS CAUSED BY SOMETHING OTHER THAN THE ALLEGED MAY 18, 2021 STORM.**[2] Plaintiff's claims are barred, in whole or in part, to the extent the damages and losses alleged in Plaintiff's Original Petition, none being admitted, pre-existed or post-dated the alleged date of loss.

32. **CONCURRENT CAUSATION**. Defendant asserts the defense of concurrent causation. Under the doctrine of concurrent causes, an insured's recovery is limited to the amount of

---

[2] Plaintiff's Original Petition pleads the date of the storm as May 20, 2020, but upon information and belief, that is a typographical error. Allstate's claim file indicates Plaintiff reported the claim on May 18, 2021 with a date of loss as May 17, 2021.

damage caused by a covered peril.[3] In other words, when a loss is caused by covered and non-covered perils, the insured may recover only that portion of the damage caused solely by the covered peril.[4] Because the insured is required to prove that the damage is covered by the policy, which in this case has an applicable policy period of October 23, 2020 through October 23, 2021, the burden of segregating the damage attributable solely to the covered peril from the damage attributable to the non-covered peril is a coverage issue on which the insured bears the burden of proof.[5]

33. **COVERAGE IS LIMITED TO SUDDEN AND ACCIDENTAL DIRECT PHYSICAL LOSS DURING THE POLICY PERIOD.** Pursuant to the following provision of the Policy, Coverages A, B and C are limited to Sudden and accidental direct physical loss:

> **GENERAL**
>
> \*   \*   \*
>
> **Insuring Agreement**
>
> In reliance on the information **you** have given **us, we** agree to provide the coverages indicated on the Policy Declarations, In return, **you** must pay the premium when due and comply with the policy terms and conditions, and inform **us** of any changes in title, use or occupancy of the **residence premises**.
>
> Subject to the terms of this policy, the Policy Declarations shows the location of the **residence premises**, applicable coverages, limits of liability and premiums. The policy applies only to losses or **occurrences** that take place during the policy period. The Policy Period is shown on the Policy Declarations. This policy is not complete without the Policy Declarations.
>
> This policy imposes joint obligations on the Named Insured(s) listed on the Policy Declarations and on that person's resident spouse. These persons are defined as **you** or **your**. This means that the responsibilities, acts and omissions of a person defined as **you** or **your** will be binding upon any other person defined as **you** or **your**.
>
> \*   \*   \*

---

[3] *Wallis v. United Servs. Automobile Ass'n*, 2 S.W.3d 300, 302-03 (Tex. App.—San Antonio 1999, pet. denied).
[4] *Hamilton Properties v. The American Insurance Co.*, 2014 WL 3055801, CA 3:12–CV–5046–B (July 7, 2014) (Boyle, J.); *Travelers Indem. Co. v. McKillip*, 469 S.W.2d 160, 163 (Tex. 1971); *Wallis*, 2 S.W.3d at 303.
[5] *Hamilton,* 2014 WL at *4; *Wallis,* 2 S.W.3d at 303 n.5.

**SECTION I – YOUR PROPERTY**

\*       \*       \*

**Losses We Cover Under Coverages A, B and C:**

**We** will cover **sudden and accidental** direct physical loss to the property described in **Dwelling Protection--Coverage A**, **Other Structures Protection – Coverage B** **or Personal Property Protection – Coverage C** caused by the following except as limited or excluded in this policy:

\*       \*       \*

There is no coverage for the repair or replacement of undamaged property since there is no sudden and accidental direct physical loss caused by a covered cause of loss.

34.     **DUE PROCESS.** To the extent Plaintiff seeks punitive damages, Defendant invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution. Defendant affirmatively pleads that Plaintiff's pleading of punitive and/or exemplary damages violates the due process clauses of the Fifth and Fourteenth Amendments.

35.     **PUNITIVE DAMAGES IMPROPER AND SUBJECT TO LIMITATIONS.** To the extent Plaintiff seeks punitive damages against Defendant, assessment of punitive damages is improper because Plaintiff failed to plead any predicate authorizing the recovery of punitive damages. Plaintiff is unable to establish, by credible evidence meeting the requisite standard of proof, that Defendant was actually aware of any harm which Plaintiff alleges to have sustained as a result of the handling of Plaintiff's insurance claim; therefore, Plaintiff is not entitled to any alleged exemplary or punitive damages because Plaintiff is unable to prove that Defendant was actually aware of an extreme risk resulting from the handling of Plaintiff's claim. Further, Plaintiff is unable to establish, by clear and convincing evidence, that Defendant acted with malice; therefore, under section 41.001(7) of the Texas Civil Practice and Remedies Code, Plaintiff is not entitled to any

supposed exemplary or punitive damages that Plaintiff alleges in this lawsuit. Further, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code Section 41.002-41.009.

36. **TEXAS INSURANCE CODE.** Plaintiff's claims under the Texas Insurance Code are barred because, among other things, (a) Defendant did not breach the insurance policy under which Plaintiff purports to be claiming in this lawsuit; (b) Plaintiff has not sustained any damages independent of Plaintiff's alleged breach-of-contract theory; (c) the handling and investigation of Plaintiff's insurance claim was reasonable; (d) any alleged liability for Plaintiff's insurance claim did not become and is not reasonably clear; and (e) there is a bona fide coverage dispute concerning Plaintiff's insurance claim and the policy of insurance under which Plaintiff purports to be claiming in this lawsuit. Defendant had a reasonable basis for its conduct based upon the claim investigation. A mere bona fide coverage dispute does not constitute a breach of any duty of good faith and fair dealing to any extent alleged by Plaintiff in this lawsuit. Moreover, a bona fide controversy exists in the valuation of Plaintiff's claim and liability, if any, under the contract. Therefore Plaintiff's extra-contractual causes of action are precluded.

37. **LACK OF COVERAGE PRECLUDES EXTRA-CONTRACTUAL LIABILITY.** The existence of coverage and/or compensable damage for Plaintiff's underlying insurance claims is mandatory to establish the basis of Plaintiff's claims under the Texas Insurance Code and the common law. Because Plaintiff's allegations are generally based upon Defendant's alleged failure to pay policy benefits, and differences in price and scope or repairs to the property at issue, the absence of coverage for many portions of Plaintiff's underlying insurance claim precludes

Plaintiff's Insurance Code and extra-contractual claims against Defendant arising out of those allegations.

38. **LOSSES NOT INSURED – METAL ROOF SURFACES COSMETIC DAMAGE EXCLUSION.**[6] Pursuant to the following provisions of the Policy, the following losses do not come within the policy's coverage:

> **SECTION I – YOUR PROPERTY**
>
> *       *       *
>
> **METAL ROOF SURFACES COSMETIC DAMAGE EXCLUSION ENDORSEMENT – AVP166-2**
>
> In **Section I – Your Property**, under **Losses We Do Not Cover Under Coverages A, B and C,** the following item is added to paragraph D:
>
> Cosmetic damage caused by hail to the surface of a metal roof, including but not limited to, indentations, dents, distortions, scratches, or marks, that change the appearance of the surface of a metal roof.
>
> This exclusion applies to all of the components of the surface of a metal roof, including but not limited to, panels, shingles, flashing, caps, vents, drip edges, finials, eave and gable trim and snow guards, coatings and other finishing materials.
>
> **We** will not apply this exclusion to **sudden and accidental** direct physical damage to the surface of a metal roof caused by hail that results in water leaking through the surface of a metal roof.
>
> All other policy terms and conditions apply.
>
> *       *       *

39. **EXCESSIVE DEMAND DOCTRINE.** Plaintiff's claim for recovery of his alleged attorney fees is barred in whole or in part, or is subject to limitation or reduction, pursuant to the excessive demand doctrine.[7]

---

[6] From Metal Roof Surfaces Cosmetic Damage Exclusion Endorsement – AVP166-2.
[7] *See, e.g., Triton 88, L.P. v. Star Elec., L.L.C.*, 411 S.W.3d 42, 65 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citations omitted).

40.  **CREDIT/OFFSET.** Defendant is entitled to a credit or offset against Plaintiff's damages, if any, in the amount of Plaintiff's deductible and any prior sums paid by Defendant.

41.  **ACCORD AND SATISFACTION.** Plaintiff's claims are barred by the doctrine of accord and satisfaction. Defendant has already paid all monies that Plaintiff could possibly allege to be owed.

42.  **PAYMENT.** Plaintiff's claims are barred by the doctrine of payment. Defendant issued complete payments to Plaintiff for repair and/or replacement of his property allegedly damaged by the perils at issue.

43.  **LOSSES NOT INSURED.** Pursuant to the following provisions of the Policy, the following losses do not come within the policy's coverage:

**SECTION I – YOUR PROPERTY**

\*      \*      \*

**Losses We Cover Under Coverages A, B and C:**

\*      \*      \*

2.  **Windstorm** or hail.

    **We** do not cover:

    a)  loss to covered property inside a **building structure**, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the damaged roof or wall;

\*      \*      \*

**Losses We Do Not Cover Under Coverages A, B and C:**

A.  Under **Dwelling Protection–Coverage A, Other Structures Protection– Coverage B** or **Personal Property Protection–Coverage C** of this policy, **we** do not cover any loss which consists of, is caused by, or would not have occurred but for, one or more of the following excluded events, perils or conditions. Such loss is excluded regardless of: a) the cause or source of the excluded event, peril or condition; b) any other causes contributing concurrently or in any sequence

with the excluded event, peril or condition to produce the loss; or c) whether the excluded event, peril or condition involves isolated or widespread damage, arises from natural, man-made or other forces, or arises as a result of any combination of these forces.

1. Flood, including but not limited to, surface water, waves, tidal water or overflow of any body of water or spray from any of these, whether or not driven by wind.

2. Water or any other substance that backs up through sewers or drains.

3. Water or any other substance that overflows from a sump pump, sump pump well or other system designed for the removal of subsurface water which is drained from a foundation area of a structure.

4. Water or any other substance on or below the surface of the ground. This includes water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the **residence premises**.

5. Earth movement of any type, including, but not limited to, earthquake, volcanic eruption, lava flow, landslide, subsidence, mudflow, pressure, sinkhole, Erosion, or the sinking, rising, shifting, creeping, expanding, bulging, cracking, settling or contracting of the earth. This exclusion applies whether or not the earth movement is combined with water. We do cover sudden and accidental direct physical loss caused by fire or explosion resulting from earth movement.

\*   \*   \*

12. Weather Conditions that contribute in any way with an event, peril or condition excluded under **Losses We Do Not Cover Under Coverages A, B and C** to produce a loss.

B. Under **Dwelling Protection–Coverage A, Other Structures Protection–Coverage B** or **Personal Property Protection–Coverage C** of this policy, **we** do not cover any loss consisting of or caused by mold, fungus, wet rot, dry rot or other microbes. This includes any loss which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot, dry rot or other microbes.

This exclusion applies regardless of whether mold, fungus, wet rot, dry rot or other microbes arises from any other cause of loss, including, but not limited to, a loss involving water, water damage or discharge, which may otherwise be covered by this policy, except as specifically provided in **Section I Conditions, Mold, Fungus, Wet Rot And Dry Rot Or Other Microbes Remediation As A Direct Result Of A Covered Water Loss**.

  \*  \*  \*

 C. When loss is not excluded under Paragraph A or paragraph B of **Losses We Do Not Cover Under Coverages A, B and C,** and there are two or more causes of loss to the covered property, **we** do not cover the loss if the predominant cause(s) of loss is (are) excluded under paragraph D, immediately below.

 D. Under **Dwelling Protection–Coverage A, Other Structures Protection–Coverage B** or **Personal Property Protection–Coverage C** of this policy, **we** do not cover any loss consisting of or caused by one or more of the following excluded events, perils or conditions. Such loss is excluded regardless of whether the excluded event, peril or condition involves isolated or widespread damage, arises from natural, man-made or other forces, or arises as a result of any combination of these forces.

  \*  \*  \*

1. The failure of any **insured person** to take all reasonable steps to save and preserve property when the property is endangered by a cause of loss **we** cover.

  \*  \*  \*

3. Planning, Construction or Maintenance, meaning faulty, inadequate or defective:

   a) planning, zoning, development, surveying, siting;
   b) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
   c) materials used in repair, construction, renovation or remodeling; or
   d) maintenance;

   of property whether on or off the **residence premises** by any person or organization

  \*  \*  \*

44. **FAILURE TO COMPLY WITH POLICY CONDITIONS.** Pursuant to the following provisions of the Policy, Plaintiff's claims are barred by his failure to comply with the following policy conditions in the event that Defendant was prejudiced by that failure:

**SECTION I – CONDITIONS**

\*         \*         \*

3.   **What You Must Do After A Loss.**[8]

In the event of a loss to any property that may be covered by this policy, **you** must:

(a) promptly give **us** or **our** agent notice. Report any theft to the police as soon as possible.

(b) protect the property from further loss. Make any reasonable repairs necessary to protect it. Keep an accurate record of any repair expenses.

(c) separate damaged from undamaged personal property. Give **us** a detailed list of the damaged, destroyed or stolen property, showing the quantity, cost, actual cash value and the amount of loss claimed.

(d) give **us** all accounting records, bills, invoices and other vouchers, or certified copies, which **we** may reasonably request to examine and permit **us** to make copies.

(e) produce receipts for any increased costs to maintain **your** standing of living while **you** reside elsewhere, and records supporting any claim for loss of rental income.

(f) as often as **we** reasonably require:

(1) show **us** the damaged property. **We** have a right to reasonable and safe opportunities to view and inspect the loss as often as necessary, unimpeded by actions of **you** or others, including, but not limited to, civil, governmental or military authorities, that prevent us from viewing and inspecting the loss. **We** may require **you** to accompany **us** when **we** conduct these activities.

\*         \*         \*

**We** have no duty to provide coverage under this section if **you**, an **insured person**, or a representative of either fail to comply with items a) through g) above, and this failure to comply is prejudicial to **us**.

\*         \*         \*

---

[8] From Texas Amendatory Endorsement – AVP345.

13. **Action Against Us.**

   No one may bring an action against **us** in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under a coverage to which **Section I** Conditions applies, unless:

   (a) there has been full compliance with all policy terms; and

   \*     \*     \*

   (c) in the event that **you** and **we** fail to agree on the amount of loss claimed by **you**, unless **you** have previously provided to **us** a signed sworn proof of loss, it is a condition under this **Action Against Us** provision that no later than 91 days prior to commencing any action against **us** that **we** receive from **you** a signed sworn proof of loss, which contains, to the best of **your** knowledge and belief, the following information:

   (1) the date, time, location and cause of loss;

   (2) the interest **insured persons** and others have in the property, including any encumbrances;

   (3) any other insurance that may cover the loss;

   (4) any changes in title, use, occupancy or possession of the property that have occurred during the policy period;

   (5) at **our** request, the specifications of any damaged **building structure** or other structure;

   (6) the estimated or actual cost to repair or replace the property stolen or damaged by the loss with materials of like kind and quality;

   (7) the amount **you** have actually spent to repair or replace the property stolen or damaged by the loss; and

   (8) in the event that **you** give **us** a signed proof of loss, and after submitting that to **us**, **you** determine that you want to include a claim for additional damage or loss, **you** must submit to **us** a supplemental proof of loss which identifies the amount of the additional loss for each item damaged or stolen.

   \*     \*     \*

## C.
## PRAYER

Defendant Allstate Vehicle and Property Insurance Company prays that, upon final trial and hearing of this lawsuit, Plaintiff take nothing and that Defendant recovers its costs, fees, and expenses, and for such other and further relief to which Defendant may show itself justly entitled, both in law and at equity.

Respectfully Submitted,

*/s/ Susan E. Egeland*
SUSAN E. EGELAND
ATTORNEY-IN-CHARGE
State Bar No. 24040854
susan.egeland@faegredrinker.com
SARA E. INMAN
State Bar No. 24073098
sara.inman@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2500
(469) 327-0860 (fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record in compliance with the Federal Rules of Civil Procedure on June 14, 2022 via ECF notification.

*/s/ Susan E. Egeland*
SUSAN E. EGELAND